PER CURIAM:
Claimant brought this action for damage to her 2005 Jeep Grand Cherokee which occurred when she was backing out of her driveway and onto County Route 3/5, and her vehicle struck a guardrail. Claimant alleges that the guardrail, which was located between County Route 3/5 and her driveway, was leaning too far over onto her driveway. County Route 3/5 is a public road maintained by Respondent in Dingess, Mingo County. The Court is of the opinion to deny this claim for the reasons more folly stated below.
The incident giving rise to this claim occurred around June 1,2009, between 5:00 and 6:00 p.m. County Route 3/5 is a paved, two-lane road with yellow center lines. Claimant’s private driveway leading to her residence is located off of County Route 3/5. As Claimant was backing out of her driveway to travel onto County Route 3/5, the back left portion of her vehicle struck the guardrail. She recalls hearing a loud noise at night a few days prior to this incident which lead her to conclude that a vehicle might have hit the guardrail. However, she was not aware of the fact that the guardrail was leaning over onto her driveway prior to this incident. She stated that there is another road that provides ingress and egress onto her residence, but she did not take that route because traveling on County Route 3/5 was closer to her destination. Claimant did not provide an estimate for the damage to her vehicle.
The position of the Respondent is that it did not have actual or constructive notice of the condition of the guardrail on County Route 3/5. Michael Spry, Transportation Crew Supervisor for Respondent in Mingo County, testified that County Route 3/5 is a second priority road in terms of its maintenance. Mr. Spry is familiar with the area in question and stated that he responded to the Claimant’s call regarding the condition of the guardrail. Although the road appears to be broken off in this area, Mr. Spry indicated that he did not believe that the road’s condition caused the guardrail to lean over because the guardrail’s posts are located deep in the ground. He stated that it was more likely that the guardrail was leaning over due to the fact that it was hit by a vehicle. Prior to this incident, Respondent did not receive complaints regarding the condition of the guardrail on County Route 3/5.
The Court notes that Respondent also raised the fact that Claimant was backing her vehicle out of the driveway which is not in conformance with W.Va. Code § 17C-14-2(a) which provides as follows: “The driver of a vehicle shall not back the same unless such movement can be made with reasonable safety and without interfering with other traffic.”
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, a Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court finds that the Respondent was unaware of the condition of the guardrail on County Route 3/5 prior to this incident. Respondent did not have notice of the condition of the guardrail until the Claimant notified Respondent. Thus, there is insufficient evidence of negligence on the part of Respondent upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.